UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

VIDAL WHITLEY,
                          Plaintiff,

                                                    9:15-CV-0377
          -vs-                                      (GTS)(TWD)

KAREN TOURTELOT, JILL
CARVER and Ms. GRAZANEI,

                          Defendants.

---

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS' MOTION
## FOR SUMMARY JUDGMENT

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, New York  13204-2465

Timothy P. Mulvey
Assistant Attorney General, of Counsel
Bar Roll No.  510757
Telephone:  (315) 448-4800

Date: December 17, 2015

## PRELIMINARY STATEMENT

Plaintiff's complaint (Docket No. 1) is centered on claims of Eighth Amendment violations that he was denied medical care at Midstate and Marcy Correctional Facilities in late 2013 and early 2014. The individually named defendants, Karen Tourtelot, Jill Carver and Ms. Grazanei now move for summary judgment. Defendants maintain that plaintiff did not exhaust his administrative remedies for the claims in his complaint.

## TABLE OF AUTHORITIES

Cases

Abney v. McGinnis, 380 F.3d 663 (2d Cir. 2004)…………………………………………..6
Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986)……………………………………4
Booth v.Churner, 532 U.S. 731 (2001)…………………………………………………….5
Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)  …………………………………….4
Giano v. Goord, 380 F.3d 670, 672 (2d Cir. 2004)………………………………………5
Hemphill v. State of New York, 380 F.3d 680 (2d Cir. 2004)…………………………….6
Johnson v. Testman, 380 F.3d 691 (2d Cir. 2004)……………………………………….6
Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001)……………………………………….5
Ortiz v. McBride, 380 F.3d 649 (2d Cir.)………………………………………………..6
Porter v. Nussle, 534 U.S. 516 (2002)…………………………………………………...5
Rivera v. Goord, 253 F.Supp.2d 735, 747 (S.D.N.Y. 2003)……………………………..7

Statutes

42 U.S.C. §1983…………………………………………………………………………...5
7 N.Y.C.R.R. §§ 701.1 - 701.16……………………………………………………………5
7 N.Y.C.R.R. §701.1(a)…………………………………………………………………...6
FED.R.CIV.P. 56(c)………………………………………………………………………4

## STATEMENT OF FACTS

For a complete statement of the material facts not in dispute, relevant to the instant motion, the Court is respectfully referred to the Local Rule 7.1 Statement submitted herewith by the moving defendants

## SUMMARY JUDGMENT STANDARD

When there is no genuine issue as to any material fact, the moving party in a motion for summary judgment is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). The party moving for summary judgment has the initial burden of submitting affidavits and other evidentiary material to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). Once the moving party has sustained the initial burden, the opposing party may not rest upon the mere allegations or denials of the pleadings, but instead must come forward with specific evidence, by affidavits or as otherwise provided in Rule 56, showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

## DISCUSSION

### POINT I

### Plaintiff Failed to Exhaust Administrative Remedies For His Claims Regarding the Events Of December, 2013

It is now well-settled that an inmate plaintiff in a suit brought pursuant to 42 U.S.C. §1983 must exhaust <u>all </u>administrative remedies as to <u>all </u>claims <u>prior </u>to filing his complaint. *See Booth*

*v.Churner*, 532 U.S. 731 (2001) [all levels of administrative remedies], *Porter v. Nussle*, 534 U.S. 516 (2002) [as to all claims]; *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) [prior to suit]. Pursuant to *Neal v. Goord*, dismissal, and not continuance to permit exhaustion, is the proper remedy where exhaustion has not been completed with respect to one or more of the claims alleged in the suit. *Neal*, 267 F.3d at 121-123. Thus in every case filed by a prisoner after the effective date of the PLRA, April 26, 1996, if the prisoner did not exhaust his or her administrative remedies, dismissal of the federal action is required. *Giano v. Goord*, 380 F.3d 670, 672 (2d Cir. 2004).

New York State prison inmates have an elaborate procedure available to seek administrative redress for their grievances. See 7 N.Y.C.R.R. §§ 701.1 - 701.16.[1]  Under New York State regulations, the inmate grievance program affords every inmate an orderly, fair, simple and expeditious method of resolving grievances.@  It supplements other formal or informal channels of problem resolution. 7 N.Y.C.R.R. §701.1(a).  An inmate may grieve any complaint about the substance or application of any written or unwritten policy, regulation, procedure or rule of the prison system, as well as complaints of employee misconduct Ameant to annoy, intimidate or harm an inmate.  Id. §701.2 (a-e).

The Second Circuit has determined that a three-part test should be used in analyzing cases where defendants assert plaintiffs have failed to exhaust administrative remedies. *See Johnson v.*

---

[1]  The New York State inmate grievance program involves three steps. First, an inmate must submit a grievance to the clerk of the inmate grievance resolution committee (IGRC) within 21 days, absent mitigating circumstances, of the alleged occurrence. Id. §701.7(a). The IGRC is a five-member body consisting of two voting inmates, two voting staff members, and a non-voting chair, who may be an inmate, staff member or volunteer. Id. §701.4. Two options are provided to resolve grievances: informal or formal. The IGRC has up to seven days to resolve the grievance informally to the satisfaction of the grievant, with the resolution and the grievant's consent to same to be entered on the grievance. Id. ' 701.7(3). In the absence of such informal resolution, the full IGRC considers the grievance, and may hold a hearing for the presentation of relevant information. A hearing, if necessary, must take place within seven working days after receipt of the grievance. Id.' 701.7(a). The IGRC must either dismiss the grievance (after a hearing, id.' 701.7(a)(5)(I)) or resolve it on the merits. If the IGRC elects to dismiss the grievance, the grounds therefore must be clearly stated in the IGRC resolution. Id. ' 701.7(a)(5)(ii). In either event, the decision must be communicated to the inmate-grievant within two days. Id. '701.7(a)(4)(v).

*Testman*, 380 F.3d 691 (2d Cir. 2004); *Hemphill v. State of New York*, 380 F.3d 680 (2d Cir. 2004); *Giano v. Goord*, supra.; *Abney v. McGinnis*, 380 F.3d 663 (2d Cir. 2004); and *Ortiz v. McBride*, 380 F.3d 649 (2d Cir.), cert. denied, 543 U.S. 1187 (2005).  First, the court must determine whether administrative remedies were available. *See Hemphill*, 380 F.3d at 686. Second, the court must determine whether defendants waived the defense of failure to exhaust, or should be estopped from using the defense.[2]  Third, the court should determine whether special circumstances exist to excuse plaintiff's failure to exhaust.

As to the first prong of the test, because plaintiff filed grievances after March 1, 2014 (Exhibit A), it is clear that he had the available remedy of the prison grievance procedure for his excessive force claims.  7 N.Y.C.R.R.§§701.1 - 701.16.  Since he did not file a grievance on his claim of excessive force there  is no evidence that he received a favorable grievance determination on this issue, *see Abney*, 380 F.3d at 665-669; nor does he claim defendants threatened him so as to make available remedies thereby Unavailable, *see Hemphill*, 380 F.3d at 681-688.  Accordingly, plaintiff had available administrative remedies.

As to the second prong of the test, defendants have not waived, nor should they be estopped from asserting, the defense of failure to exhaust.  Moreover, plaintiff has not alleged any conduct on the part of defendants that would justify estopping them from asserting the defense of failure to exhaust.  *See Hemphill*, 380 F.3d at 688-689.

As to the third prong of the test, plaintiff has not demonstrated the existence of any special circumstances that would justify his failure to exhaust.  Plaintiff is clearly familiar with the

---

[2] Second, a party to the grievance may appeal to the superintendent within four working days after receipt of the IGRC's written response.  Generally, the superintendent must issue a decision within ten working days of receipt of the appeal. Id. '701.7(b). Third, a party to a grievance may appeal the superintendent's action to the Central Office Review Committee (ACORC@).  CORC consists of the deputy commissioners or their designees. 7  N.Y.C.R.R. §701.6. CORC must issue its decision on the grievance within 20 working days of receipt. Id. '701.7(c)

grievance system, and has filed about other issues. Thus there can be no argument that any special circumstances justify his failure to exhaust his excessive force claim. Plaintiff does not claim he had been led to believe that an incident was not a grievance matter and would be otherwise investigated or that filing a grievance would be futile. *See Rivera v. Goord*, 253 F.Supp.2d 735, 747 (S.D.N.Y. 2003).

Accordingly, plaintiff has failed to exhaust his administrative remedies as to the Eighth Amendment claims he makes regarding the events of June 3, 2002, and the complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment should be granted in its entirety.

Dated: Syracuse, New York
      December 17, 2015

                                     ERIC T. SCHNEIDERMAN
                                     Attorney General of the State of New York
                                     Attorney for Defendants
                                     615 Erie Boulevard West, Suite 102
                                     Syracuse, New York  13204-2465
                                     By: /s/ *Timothy P. Mulvey*
                                     Timothy P. Mulvey
                                     Assistant Attorney General, of Counsel
                                     Bar Roll No. 510757
                                     Telephone:  (315) 448-4800

TO:    Vidal Whitley (10-B-2619)
        Auburn Correctional Facility
        P.O. Box 618
        Auburn, New York 13021