UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VIDAL WHITLEY

                                                  Plaintiff,

      -against-


KAREN TOURTELOT, JILL
CARVER and Ms. GRAZANEI,
                                                  9:15-CV-0377 (GTS) (TWD)
                                      Defendants.
------------------------------------------------------------------X


## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS' MOTION
## FOR SUMMARY JUDGMENT


Rafael E. Muniz
Attorney for Plaintiff
65 Broadway, Suite 714
New York, NY 10006
Telephone: (212) 363-6460

## PRELIMINARY STATEMENT

Plaintiff's complaint (Docket No. 1) is centered on claims of Eighth Amendment violations that he was denied medical care at Midstate and Marcy Correctional Facilities in late 2013 and early 2014. Plaintiff by way of his attorney now submits this Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment.

## TABLE OF AUTHORITIES

Cases

Bender v. City of New York, 78 F.3d 787 (2d Cir. 1996).....................................4

Booth v. Churner, 532 U.S. 731 (2001)..................................................................2

Celotex Corp. v. Catrett, 477 U.S. 317,325 (1986)...............................................1

Giano v. Goord E.., 380 F.3d 670 (2d. Cir. 2004).................................................4

Hemphill v. State of New York, 380 F.3d 680 (2d Cir. 2004)..............................2

Lewis v. United States 1999 WL 222611 (W.D.N.Y. March 26, 1999).....................4


Statutes

42 U.S.C. 1983..............................................................................................2

7 N.Y.C.R.R. 701.7(a)..................................................................................3

FED.R.CIV.P.56(c).......................................................................................1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VIDAL WHITLEY

                                             Plaintiffs,                    PLAINTIFFS'
                                                                           MEMORANDUM OF
      -against-                                                        LAW IN OPPOSITION
                                                                           TO DEFENDANTS'
                                                                           MOTION FOR
KAREN TOURTELOT, JILL                    SUMMARY JUDGMENT
CARVER and Ms. GRAZANEI,

                                                                           9:15-CV-0377 (GTS) (TWD)
                                             Defendants.
------------------------------------------------------------------X

      Plaintiff, Vidal Whitley, hereby submits this memorandum of law in support of his argument in opposition to defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

      Plaintiff respectfully refers the Court to Plaintiff's response to defendants' Statement Pursuant to Local rule 7.1 and submitted herewith, for a statement of the material facts in dispute, as well facts that are undisputed.

## STANDARD FOR SUMMARY JUDGMENT

      It is well settled law that where there is no genuine issue as to material fact, the moving party in a motion for summary judgment is entitled to judgment. Fed.R.CIV.P. 56(c). Generally, the party moving for Summary Judgment has the initial burden of demonstrating that there are no genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). However, once the moving party has sustained the initial burden, the opposing party must come forward with specific evidence showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324.

Under this well-established standard, defendants have failed to meet their burden of establishing that there are no genuine issues of material fact in dispute. Specifically, Plaintiff asserts that any failure on his part to exhaust the administrative remedies for his claims was due in part to defendants' conduct which rendered said administrative remedies unavailable. Additionally, plaintiff asserts that based on their conduct defendants should be estopped from raising the affirmative defense of non-exhaustion. Therefore, defendants' motion for summary judgment should be denied in all respects.

## DISCUSSION

### POINT I

I.  **PLAINTIFF'S TRANSFER FROM MID-STATE CORRECTIONAL FACILITY TO MARCY CORRECTIONAL FACILITY PRIOR TO THE EXPIRATION OF THE 21 DAY PERIOD ALLOTED TO INMATES WHO INTEND TO FILE GRIEVANCES WITH THE INMATE GRIEVANCE RESOLUTION COMMITTEE REDERED ANY ADMINISTATIVE REMEDIES UNAVAILABLE.**

Generally, a prisoner must exhaust all administrative remedies prior to bringing an action pursuant to 42 U.S.C. 1983. See Booth v. Churner, 532 U.S. 731 (2001). On the other hand, where a prisoner has asserted that defendant's conduct has rendered administrative exhaustion as unavailable, the Court may determine that the defendants are estopped from raising non-exhaustion as an affirmative defense. See Generally Hemphill v. State of New York, 380 F.3d 680 (2$^d$ Cir. 2004).

Under the New York State Regulations, inmates are who seek to grieve any complaint regarding an unwritten or written policy or report employee misconduct must

submit a grievance to the clerk of the inmate grievance resolution committee within 21 days of the alleged occurrence date. See 7 N.Y.C.R.R. 701.7(a). Nonetheless, an inmate's failure to file a grievance within 21 days may otherwise be excused if there are mitigating circumstances present. Id.

In Hemphill, the Second Circuit determined that administrative remedies were "available" to Hemphill because prison officials had provided grievance procedures that the inmates could utilize. 380 F.3d 680 (2d Cir. 2004). Still, the court reasoned that the prison official's conduct could still render those procedure otherwise unavailable to the inmate.

In the case at bar, Plaintiff, Vidal Whitley was initially denied his previously proscribed medication by officials at Mid-State Correctional Facility in or about November 20, 2013. Shortly thereafter, on or about December 2, 2013, Mr. Whitley was transferred to Marcy Correctional Facility through no fault of his own. Because he was transferred to another correctional facility within the 21 day period allotted to inmates who decide to submit grievances to the clerk of the Inmate Grievance Resolution Committee, administrative exhaustion of the alleged violation was unavailable.

Moreover, Mr. Whitley reiterated his position that he was being denied his medication on or about December 2, 2013 when he met with Social Worker Jill Carver. However, because he had already been transferred from Mid-State, Mr. Whitley could no longer avail himself of any of the grievance procedures that Mid-State had put in place for their inmates.

With respect to the issue of administrative exhaustion and whether those procedures were available to Mr. Whitley, defendants point to the fact that Mr. Whitley

filed grievances after March 1, 2014. However, defendants ignore the fact that Mr. Whitley noted his intention to appeal his right to clinically appropriate care on or about March 27, 2014. Shortly thereafter on April 14, 2014, before expiration of the allotted 21 day period, Mr. Whitley was again coincidentally transferred from the Fishkill Correctional Facility to Downstate.

## II. EVEN ASSUMING ARGUENDO THAT PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES, SPECIAL CIRCUMSTANCES EXIST WHICH WOULD JUSTIFY HIS FAILURE.

In some circumstances an inmate's failure to exhaust administrative remedies may not be fatal to bringing an action in federal court. See generally, Giano v. Goord E., 380 F.3d 670 (2d. Cir. 2004). In Giano, the second circuit found that lack of clarity in the DOCCS' regulations may constitute a special circumstance justifying an inmate's failure to exhaust administrative remedies. Id. at 680.

Here, plaintiff asserts that he was denied proscribed psychiatric medication on more than one occasion. Based on plaintiff's medical history, the deliberate discontinuance of his medication by mental health professionals could have reasonably contributed to his lack of clarity with respect to DOCS procedures. Based on the foregoing plaintiff's mental state could be construed as a special circumstance which justified his failure to exhaust administrative remedies.

## CONCLUSION

For all of the reasons set forth above, the defendants' motion for summary judgment should be denied in its entirety.

Dated: June 15. 2016
      New York, NY

                                                    s/ *Rafael e. Muniz*
                                                    Rafael E. Muniz, Esq.
                                                    Attorney for Plaintiff
                                                   65 Broadway, Suite 716
                                                   New York, NY 10006
                                                   (212) 430-6313

TO:  ERIC T. SCHNEIDERMAN
       Attorney General of the State of New York
       Attorney for Defendants
       615 Erie Boulevard West, Suite 102
       Syracuse, New York 134204-2465

       By: Timothy P. Mulvey
       Assistant Attorney General
       Telephone: (315) 448-4800